IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02131-BNB

DAVID H. ISBERG,

      Plaintiff,

v.

COLORADO DEPT OF CORRECTIONS,
COLORADO STATE PAROLE BOARD,
DENVER HEALTH,
BOULDER COUNTY SHERIFF, and
SCOTT WOODS, Executive, CMI Columbine or CMI,

      Defendants.

**FILED**
UNITED STATES DISTRICT COURT
DENVER, COLORADO

SEP 2 4 2009

GREGORY C. LANGHAM
**CLERK**

---

ORDER DIRECTING PLAINTIFF TO FILE AMENDED COMPLAINT

---

Plaintiff, David H. Isberg, is in the custody of the Boulder County Sheriff and is currently incarcerated at the Boulder County Jail. Mr. Isberg has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Isberg is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

For the most part, Mr. Isberg appears to assert that Defendants were deliberately indifferent to his serious medical needs. For the reasons stated below, Mr. Isberg will be ordered to file an Amended Complaint.

The Court has reviewed the Complaint filed by Mr. Isberg and finds that the Complaint does not comply with the pleading requirements of Rule 8 of the Federal

Rules of Civil Procedure.  The twin purposes of a complaint are to give the opposing

parties fair notice of the basis for the claims against them so that they may respond and

to allow the court to conclude that the allegations, if proven, show that the Mr. Isberg is

entitled to relief.  *See Monument Builders of Greater Kansas City, Inc. v. American*

*Cemetery Ass'n of Kansas*, 891 F.2d 1473, 1480 (10th Cir. 1989).  The requirements

of Fed. R. Civ. P. 8 are designed to meet these purposes. *See TV Communications*

*Network, Inc. v. ESPN, Inc.*, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d

1022 (10th Cir. 1992).  Specifically, Rule 8(a) provides that a complaint "must contain

(1) a short and plain statement of the grounds for the court's jurisdiction . . . ; (2) a short

and plain statement of the claim showing that the pleader is entitled to relief; and (3) a

demand for the relief sought . . . ."  The philosophy of Rule 8(a) is reinforced by Rule

8(d)(1), which provides that "[e]ach allegation must be simple, concise, and direct."

Taken together, Rules 8(a) and (d)(1) underscore the emphasis placed on clarity and

brevity by the federal pleading rules.  Prolix, vague, or unintelligible pleadings violate

the requirements of Rule 8.

Mr. Isberg fails to set forth a short and plain statement of his claims showing that

he is entitled to relief.  Mr. Isberg's claims are repetitive and unnecessarily verbose.  In

addition, Rule 10.1 of the Local Rules of Practice for this Court requires that all papers

filed in cases in this Court be double-spaced and legible. *See* D.C.COLO.LCivR 10.1E.

and G.  The complaint filed by Mr. Isberg filed is difficult to read because it is single-

spaced.  Therefore, Mr. Isberg will be directed to file an Amended Complaint that

complies with the pleading requirements of Rule 8.  The amended complaint, whether

handwritten or typed, shall be double-spaced and legible. Mr. Isberg is reminded that it is his responsibility to present his claims in a manageable format that allows the Court and Defendants to know what claims are being asserted and to be able to respond to those claims.

Mr. Isberg should also take note that he must assert each defendant's personal participation in the alleged constitutional violations. Personal participation is an essential allegation in a civil rights action. *See Bennett v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976). To establish personal participation, Mr. Isberg must show that each defendant caused the deprivation of a federal right. *See Kentucky v. Graham*, 473 U.S. 159, 166 (1985). There must be an affirmative link between the alleged constitutional violation and each defendant's participation, control or direction, or failure to supervise. *See Butler v. City of Norman*, 992 F.2d 1053, 1055 (10th Cir. 1993). A named defendant may not be held liable merely because of his or her supervisory position. *See Pembaur v. City of Cincinnati*, 475 U.S. 469, 479 (1986); *McKee v. Heggy*, 703 F.2d 479, 483 (10th Cir. 1983).

Mr. Isberg is instructed that to state a claim in this Court, he must state with specificity what each named defendant did to him, when they did it, how their action harmed him, and what specific legal right they violated. *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).

Mr. Isberg is further instructed that Defendant Boulder County Sheriff is not a proper party to this action. Municipalities and municipal entities are not liable under 42 U.S.C. § 1983 solely because their employees inflict injury on a plaintiff. *Monell v. New*

3

*York City Dep't of Social Servs.*, 436 U.S. 658, 694 (1978); *Hinton v. City of Elwood, Kan.*, 997 F.2d 774, 782 (10th Cir. 1993). To establish liability, a plaintiff must show that a policy or custom exists and that there is a direct causal link between the policy or custom and the injury alleged. *City of Canton, Ohio v. Harris*, 489 U.S. 378, 385 (1989). Mr. Isberg cannot state a claim for relief under § 1983 merely by pointing to isolated incidents. *See Monell*, 436 U.S. at 694.

Mr. Isberg further is instructed that the State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Meade v. Grubbs*, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." *Ramirez v. Oklahoma Dep't of Mental Health*, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity, *see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979). The Eleventh Amendment applies to all suits against the state, and its agencies, regardless of the relief sought. *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003).

The Eleventh Amendment, however, does not bar a federal court action so long

4

as the plaintiff seeks in substance only prospective relief, rather than money damages

for alleged violations of federal law, and asserts claims against individual state officers.

*Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 276-77 (1997); *Hill v. Kemp*,

478 F.3d 1236 (10th Cir. 2007). If Plaintiff is asserting that DOC policies violate federal

law, he must name the DOC officials who are responsible for establishing or

implementing those DOC policies. Accordingly, it is

ORDERED that Plaintiff, David H. Isberg, file **within thirty days from the date of
this order** an amended complaint that complies with the directives of this order. It is

FURTHER ORDERED that the clerk of the Court mail to Mr. Isberg, together with

a copy of this order, two copies of the Court-approved Prisoner Complaint form to be

used in submitting the amended complaint. It is

FURTHER ORDERED that the amended complaint shall be titled "Amended

Prisoner Complaint," and shall be filed with the Clerk of the Court, United States District

Court for the District of Colorado, Alfred A. Arraj United States Courthouse, 901

Nineteenth Street, A105, Denver, Colorado 80294. It is

FURTHER ORDERED that if Mr. Isberg fails to file an amended complaint within

the time allowed, the complaint and the action will be dismissed without further notice.

DATED September 24, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

## CERTIFICATE OF MAILING

Civil Action No. 09-cv-02131-BNB

David H. Isberg
Prisoner No. 120479
Boulder County Jail
3200 Airport Rd.
Boulder, CO 80301

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 9|24|09

GREGORY C. LANGHAM, CLERK

By: _____
                            Deputy Clerk