IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02131-BNB

DAVID H. ISBERG,

    Plaintiff,

v.

COLORADO DEPT OF CORRECTIONS, name unknown,
DENVER STATE PAROLE,
P.O. STEVE RUIZ,
COLORADO STATE PAROLE BOARD, (board's name unknown),
DENVER HEALTH,
MERRILL CARTER,
FERNANDO KIM, M.D.,
BOULDER SHERIFF'S DEP'T, medical manager name unknown, and
CMI, CM JOHN THOMS,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

NOV 03 2009

GREGORY C. LANGHAM
CLERK

## ORDER DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT

Plaintiff, David H. Isberg, is in the custody of the Boulder County Sheriff and is currently incarcerated at the Boulder County Jail. Mr. Isberg has filed an Amended Prisoner Complaint pursuant to 42 U.S.C. § 1983. The Court must construe the Complaint liberally because Mr. Isberg is a *pro se* litigant. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as a *pro se* litigant's advocate. *See Hall*, 935 F.2d at 1110.

The court has reviewed the Amended Prisoner Complaint filed by Mr. Isberg and finds that it is deficient. Mr. Isberg asserts three claims for relief alleging that his rights under the United States Constitution have been violated by nine defendants. He

asserts these claims pursuant to 42 U.S.C. § 1983. Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. ***Adickes v. S. H. Kress & Co.***, 398 U.S. 144, 150 (1970).

In his first claim, Mr. Isberg appears to assert that he was denied medical care after being diagnosed with urinary cancer. However, he also asserts that he was denied parole on April 7, 2007. In his second claim, Mr. Isberg again asserts that he was denied medical care after being diagnosed with urinary cancer. In his third claim, Mr. Isberg appears to assert that he was denied a cytoscopy, a procedure he apparently requires in order to monitor his urinary cancer.

The second amended complaint Mr. Isberg will be directed to file must comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure. The twin purposes of a complaint are to give the opposing parties fair notice of the basis for the claims against them so that they may respond and to allow the court to conclude that the allegations, if proven, show that the plaintiff is entitled to relief. ***See Monument Builders of Greater Kansas City, Inc. v. American Cemetery Ass'n of Kansas***, 891 F.2d 1473, 1480 (10th Cir. 1989). The requirements of Fed. R. Civ. P. 8 are designed to meet these purposes. ***See TV Communications Network, Inc. v. ESPN, Inc.***, 767 F. Supp. 1062, 1069 (D. Colo. 1991), *aff'd*, 964 F.2d 1022 (10th Cir. 1992).

Specifically, Rule 8(a) requires that a complaint "contain (1) a short and plain statement of the grounds for the court's jurisdiction, . . . (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for the relief

sought . . . ." The philosophy of Rule 8(a) is reinforced by Rule 8(e)(1), which provides that "[e]ach averment of a pleading shall be simple, concise, and direct." Taken together, Rules 8(a) and (e)(1) underscore the emphasis placed on clarity and brevity by the federal pleading rules. Prolix, vague, or unintelligible pleadings violate the requirements of Rule 8.

Mr. Isberg's amended complaint is repetitive and confusing. The amended complaint fails to set forth a short and plain statement of his claims showing that he is entitled to relief. *See* Fed. R. Civ. P. 8(a)(2). Rather than summarizing each claim succinctly, Mr. Isberg provides a rambling description of events, and each claim appears to contain multiple claims. Instead, Mr. Isberg must assert, simply and concisely, his specific claims for relief, including the specific rights that allegedly have been violated and the specific acts of each defendant that allegedly violated his rights. In order for Mr. Isberg "to state a claim in federal court, a complaint must explain what each defendant did to him or her; when the defendant did it; how the defendant's action harmed him or her; and, what specific legal right the plaintiff believes the defendant violated." **Nasious v. Two Unknown B.I.C.E. Agents**, 492 F.3d 1158, 1163 (10th Cir. 2007). Accordingly, it is

ORDERED that Mr. Isberg file **within thirty (30) days from the date of this order** a second amended complaint that complies with this order if he wishes to pursue his claims in this action. It is

FURTHER ORDERED that the clerk of the court mail to Mr. Isberg, together with a copy of this order, two copies of the following form: Prisoner Complaint. It is

FURTHER ORDERED that, if Mr. Isberg fails to file a second amended complaint that complies with this order to the court's satisfaction within the time allowed, the action will be dismissed without further notice.

DATED November 3, 2009, at Denver, Colorado.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02131-BNB

David H. Isberg
Prisoner No. 120479
Boulder County Jail
3200 Airport Rd.
Boulder, CO 80301

    I hereby certify that I have mailed a copy of the **ORDER and two copies of the Prisoner Complaint** to the above-named individuals on 11/3/09

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk