IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02131-BNB

DAVID H. ISBERG,

    Plaintiff,

v.

STATE BOARD OF PAROLE (names unknown),
PAROLE OFFICER STEVE RUIZ,
DENVER HEALTH'S MERRIL CARTER (official capacity),
FERNANDO KIM M.D. (same),
STATE OF COLORADO (name of policy maker unknown),
CMI [COLUMBINE'S] JOHN THOMS (official capacity), and
BOULDER SHERIFF'S DEP'T, Medical Manager, name unknown,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
COLORADO

JAN 14 2010

GREGORY C. LANGHAM
CLERK

ORDER TO DISMISS IN PART AND TO DRAW CASE
TO A DISTRICT JUDGE AND TO A MAGISTRATE JUDGE

Plaintiff, David H. Isberg, is in the custody of the Boulder County Sheriff and is currently incarcerated at the Boulder County Jail. Mr. Isberg has filed a Prisoner Complaint pursuant to 42 U.S.C. § 1983 and 28 U.S.C. § 1343. On September 24, 2009, Magistrate Judge Boyd N. Boland determined that the complaint was deficient because it failed to comply with Fed. R. Civ. P. 8 and also failed to allege the personal participation of all named Defendants. Therefore, Magistrate Judge Boland ordered Mr. Isberg to file an amended complaint. Mr. Isberg filed an amended complaint on October 8, 2009.

On November 3, 2009, Magistrate Judge Boland determined that the amended complaint was deficient because it again failed to comply with Fed. R. Civ. P. 8.

Therefore, Magistrate Judge Boland ordered Mr. Isberg to file a second amended complaint. After receiving an extension of time, Mr. Isberg filed his second amended complaint on December 8, 2009, and December 11, 2009.

The Court must construe the second amended complaint liberally because Mr. Isberg is not represented by an attorney. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935 F.2d 1106, 1110 (10th Cir. 1991). If the amended complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." **Hall**, 935 F.2d at 1110. However, the Court should not act as an advocate for *pro se* litigants. **See id.**

Mr. Isberg has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. Subsection (e)(2)(B) of § 1915 requires a court to dismiss *sua sponte* an action at any time if the action is frivolous. A legally frivolous claim is one in which the plaintiff asserts the violation of a legal interest that clearly does not exist or asserts facts that do not support an arguable claim. **Neitzke v. Williams**, 490 U.S. 319, 324 (1989). Under 42 U.S.C. § 1983, a plaintiff must allege that the defendants have violated his or her rights under the Constitution and laws of the United States while they acted under color of state law. **Adickes v. S. H. Kress & Co.**, 398 U.S. 144, 150 (1970).

In the second amended complaint, Mr. Isberg asserts three claims. First, he asserts that Defendant State Board of Parole refused to grant him "parole status" in

2

spite of Mr. Isberg's "serious medical need" for parole. Second Amended Complaint at 4. He also asserts that Defendants Steve Ruiz and John Thoms refused to testify on his behalf during the parole hearing. *Id.* Due to the named Defendants' failure to grant "parole status" to Mr. Isberg, he alleges that he was unable to gain access to medical care for his bladder cancer. *Id.* In his second claim, Mr. Isberg asserts that Defendant Merril Carter refused to provide treatment for his bladder cancer. *Id.* at 5. He also asserts that Defendant Fernando Kim failed to notify Mr. Isberg of his cancer test results within a reasonable time period. *Id.* In his third claim, Mr. Isberg asserts that Defendant Boulder Sheriff's Dep't Medical Manager failed to schedule a cytoscopy, even though a urologist has prescribed a cytoscopy for Mr. Isberg. *Id.* at 6. Mr. Isberg seeks damages in addition to injunctive relief. For the reasons set forth below, the second amended complaint will be dismissed in part.

First, Mr. Isberg may not sue the State of Colorado or the Colorado Board of Parole. The State of Colorado and its entities are protected by Eleventh Amendment immunity. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); **Meade v. Grubbs**, 841 F.2d 1512, 1525-26 (10th Cir. 1988). "It is well established that absent an unmistakable waiver by the state of its Eleventh Amendment immunity, or an unmistakable abrogation of such immunity by Congress, the amendment provides absolute immunity from suit in federal courts for states and their agencies." **Ramirez v. Oklahoma Dep't of Mental Health**, 41 F.3d 584, 588 (10th Cir. 1994), *overrruled on other grounds by Ellis v. University of Kansas Medical Center*, 163 F.3d 1186 (10th Cir. 1998). The State of Colorado has not waived its Eleventh Amendment immunity,

*see Griess v. Colorado*, 841 F.2d 1042, 1044-45 (10th Cir. 1988), and congressional enactment of 42 U.S.C. § 1983 did not abrogate Eleventh Amendment immunity, *see Quern v. Jordan*, 440 U.S. 332, 340-345 (1979).  The Eleventh Amendment applies to all suits against the state and its agencies, regardless of the relief sought.  *See Higganbotham v. Okla. Transp. Com'n*, 328 F.3d 638, 644 (10th Cir. 2003). Therefore, Defendants State of Colorado and State Board of Parole will be dismissed as parties to the action.

Further, Mr. Isberg's first claim for damages regarding the denial of his parole is barred by the rule in *Heck v. Humphrey*, 512 U.S. 477 (1994).  Pursuant to *Heck*, if a judgment for damages necessarily would imply the invalidity of a criminal conviction or sentence, the action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ.  *See Heck*, 512 U.S. at 486-87.  The rule in *Heck* applies to claims arising out of parole proceedings.  *See Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam).

Mr. Isberg does not allege that he has invalidated the parole board's decision to deny him parole.  Therefore, the Court finds that Mr. Isberg's first claim for damages based on the parole board's failure to grant him parole based upon his medical condition is barred by the rule in *Heck* and must be dismissed.  The dismissal of this claim will be without prejudice.  *See Fottler v. United States*, 73 F.3d 1064, 1065 (10th Cir. 1996).

Mr. Isberg's remaining claims (two and three), which challenge the constitutionality of the denial of medical treatment for his bladder cancer, are not appropriate for summary dismissal and will be drawn to a district judge and a magistrate judge. Accordingly, it is

ORDERED that Defendants State Board of Parole, Parole Officer Steve Ruiz, State of Colorado and CMI [Columbine's] John Thoms are dismissed as parties to this action. It is

FURTHER ORDERED that the Clerk of the Court remove the names of State Board of Parole, Parole Officer Steve Ruiz, State of Colorado and CMI [Columbine's] John Thoms as parties to this action. The only remaining Defendants are Merril Carter, Fernando Kim and Boulder Sheriff's Dep't Medical Manager. It is

FURTHER ORDERED that Claim One is dismissed without prejudice. It is

FURTHER ORDERED that this case shall be drawn to a district judge and to a magistrate judge.

DATED at Denver, Colorado, this 13th day of January, 2010.

BY THE COURT:

PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02131-BNB

David H. Isberg
Prisoner No. 120479
Boulder County Jail
3200 Airport Rd.
Boulder, CO 80301

    I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 1/14/10

GREGORY C. LANGHAM, CLERK

By: _____
      Deputy Clerk